**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

UNITED STATES OF AMERICA,

        CASE NO.: 2:19-cr-35

    v.

DAVEN JONES,

       Defendant.

FILED
Scott L. Poff, Clerk
United States District Court

*By mgarcia at 4:26 pm, Nov 25, 2019*

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Daven Jones ("Mr. Jones") has been indicted and charged with three Counts: (1) Count One, Attempted Coercion and Enticement in violation of 18.U.S.C. § 2422(b); (2) Count Two, Travel with Intent to Engage in Illicit Sexual Activity in violation of 18.U.S.C. § 2423(b), and; (3) Count Three, Attempted Transfer of Obscene Matter to a Minor in violation of 18.U.S.C. § 1470.  Before the Court are two motions in limine filed by the Government, docs. 50 and 51.  For the reasons that follow, I **RECOMMEND** that the Court **GRANT** the Government's Motions, docs. 50 and 51.

**I.    Motion in Limine Regarding Argument of Impossibility (Doc. 50).**

In its first Motion, the Government asks the Court to issue an order prohibiting Defendant, Defendant's counsel, and Defendant's witnesses from directly or indirectly arguing impossibility as a defense at trial.  Doc. 50.  At base, the Government seeks to prevent the Defendant (or his counsel and witnesses) from arguing impossibility based on the fact that Defendant was corresponding with an adult law enforcement officer rather than an actual minor. In support of its position, the Government points to authority demonstrating that a defendant can be convicted of the offenses charged in this case even where the communications were with an

adult, so long as the defendant believes he was communicating with a minor.  Id. at 3–6.  In other words, the Government is not required to prove the presence of an actual minor to secure conviction under 18 U.S.C. §§ 2422(b), 2423(b), and 1470.

Defendant responded to the Government's Motion, and "agrees that an actual minor is not required for a conviction under the charged statutes."  Doc. 58 at 1.  However, Defendant emphasizes that the Government still must prove Defendant actually believed the individual with whom he was communicating was a minor.  Id.  Defendant does not concede that he had the requisite mental intent to commit the offenses charged against him, and maintains that the Government must still prove intent, to the extent intent is an essential element of each charged offense.  Id.

Therefore, there is no fundamental disagreement between the Government and Defendant.  Accordingly, I **RECOMMEND** that the Court **GRANT** the Government's Motion, doc. 50.  If the Court adopts my recommendation, Defendant, Defendant's counsel, and Defendant's witnesses shall not be permitted to argue at trial a defense of impossibility based on the fact that Defendant was communicating with an adult, undercover law enforcement officer rather than an actual minor.  The Government will, of course, still be required to prove every essential element of each offense charged at trial, including any intent element.

**II.   Motion in Limine Regarding Any Reference to Penalty or Punishment (Doc. 51).**

In its second Motion, the Government asks the Court to issue an order prohibiting Defendant, Defendant's counsel, and Defendant's witnesses from "directly or indirectly introducing evidence, asking questions or making any reference at any time during the trial, including voir dire and argument, to the penalty or punishment of the charges against the Defendant."  Doc. 51.  Defendant does not oppose the Government's second Motion in Limine.

Doc. 59.   Accordingly, I **RECOMMEND** that the Court **GRANT** the Government's second Motion in Limine, doc. 51.

## CONCLUSION

Based on the foregoing reasons, I **RECOMMEND** that the Court **GRANT** the Government's two motions in limine, docs. 50 and 51.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 7 days of the date on which this Report and Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of November, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA