Minimum Mandatory **NO**
Rule 35/5K1.1 **NO**
Appeal Waiver **YES**
Forfeiture **YES**
Other **YES\***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Case No. 4:19-cr-035 |
| DAVEN JONES | ) |

SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL:**

Steven Blackerby, Esq.

**STATUTES CHARGED:**

Count 1 – 18 U.S.C. § 2422(b)– Attempted Coercion and Enticement
Count 2 – 18 U.S.C. § 2423(b –Travel with Intent to Engage in Illicit Sexual Activity
Count 3 – 18 U.S.C. § 1470 – Attempted Transfer of Obscene Matter to a Minor

**COUNT PLEADING TO:**

Count 2 – 18 U.S.C. § 2423(b –Travel with Intent to Engage in Illicit Sexual Activity

**STATUTORY PENALTIES:**

Imprisonment for up to 30 years;
Fine of not more than $250,000;
Supervised release of not less than 5 years and up to life;
$100 special assessment (and possible second assessment).

**ELEMENTS OF THE OFFENSE:**

    **First:** The Defendant traveled in interstate commerce; and

    **Second:** the Defendant traveled for the purpose of engaging in illicit sexual conduct

\*Other-FOIA and Fed. R. Crim. P. 11(f) waivers

**TERMS OF PLEA AGREEMENT:**

- Defendant will plead guilty to Count 2 of the Indictment.

- The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive an appropriate reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

- At sentencing, the Government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

- The Defendant understands that he will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583.

- Defendant waives his right to appeal on any ground, with only three exceptions: he may appeal his sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) the government appeals. By signing the plea agreement, Defendant explicitly instructs his attorney not to file an appeal unless one of the three exceptions is met.

- Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

- Defendant waives all rights to request information about the investigation and prosecution of his case under the Freedom of Information Act or the Privacy Act.

- Defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If he fails to plead guilty, or later withdraws his guilty plea, all statements made by him in connection with that plea, and any leads derived therefrom, shall be admissible for any and all purposes.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cr-035 |
| | ) | |
| DAVEN JONES | ) | |

PLEA AGREEMENT

Defendant Daven Jones represented by his counsel Steven Blackerby, Esq. and the United States of America, represented by Special Assistant United States Attorney, Katelyn Semales, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1. **Guilty Plea**

Defendant agrees to enter a plea of guilty to Count Two of the Indictment, which charges a violation of Title 18, United States Code, Section 2423(b), Travel with Intent to Engage in Illicit Sexual Activity.

2. **Elements and Factual Basis**

The elements necessary to prove the offense charged in Count Two are: (1) the Defendant traveled in interstate commerce; and (2) the Defendant traveled for the purpose of engaging in illicit sexual conduct.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements, and that had this matter proceeded to trial, the Government would have proven beyond a reasonable doubt that:

On or about March 30, 2019, in Camden County, within the Southern District of Georgia, the defendant, DAVEN JONES, did travel in interstate commerce for the purpose of engaging in any illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with another person. All in violation of Title 18, United States Code, Section 2423(b).

3. **STATUTORY PENALTIES**

Defendant's guilty plea will subject him to the following maximum possible penalties: a term of imprisonment for up to thirty (30) years, a supervised release term of at least five years to life, a $250,000 fine, the requirement to register as a sex offender in his state of residence, special assessments and such restitution as may be ordered by the Court. The Court additionally must impose a $100 special assessment per count of conviction.

4. **NO PROMISED SENTENCE**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. **COURT'S USE OF SENTENCING GUIDELINES**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that

range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.   AGREEMENTS REGARDING SENTENCING GUIDELINES

   a.   *Acceptance of Responsibility*

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the Government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

   b.   *Use of Information*

The Government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable Guidelines range, pursuant to U.S.S.G. § 1B1.8.

7. **DISMISSAL OF OTHER COUNTS**

At sentencing, the Government will move to dismiss any other Counts of the Indictment that remain pending against the Defendant.

8. **FINANCIAL OBLIGATIONS AND AGREEMENTS**

a. *Restitution*

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the restitution. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b. *Special Assessment*

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing. Defendant understands that a second special assessment in the amount of $5000 (unless the Defendant is found to be indigent) is payable after all other imposed financial obligations have been discharged.

c. *Financial Examination*

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such

examination will occur not later than 30 days after the entry of Defendant's guilty plea.

d. *Forfeiture*

Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, 2428, his interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such the charged offenses, specifically, an iPhone Xs Max (A19121), Serial Number FFMXCNNWKPHG, IMEI Number 357267092198211, (hereinafter, the "Subject Property").

Defendant states that he is the sole and rightful owner of the Subject Property that, to the best of his knowledge, no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any

and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

9. **WAIVERS**

   a. *Waiver of Appeal*

   Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b. *Waiver of Collateral Attack*

   Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C.

§ 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.    **SEX OFFENDER REGISTRATION**

Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583. Independent of supervised release, he will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout his life.

11. **DEFENDANT'S RIGHTS**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12. **SATISFACTION WITH CURRENT COUNSEL**

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his current attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13. **BREACH OF PLEA AGREEMENT**

Defendant breaches this agreement if, prior to sentencing in his case, he fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw his guilty plea, refuses to accept responsibility for his criminal conduct, obstructs justice by tampering with witnesses or evidence, or commits any new crimes. If Defendant breaches the plea agreement, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the Government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been

dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. **ENTIRE AGREEMENT**

This agreement contains the entire agreement between the Government and Defendant. The Government has made no promises or representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein. No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____
Date

_____
Karl I. Knoche
Chief, Criminal Division

11-26-19
Date

_____
Katelyn Semales
Special Assistant United States Attorney

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. I have read and carefully reviewed this agreement with my counsel. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

11-25-2019
Date

_____
Daven Jones, Defendant

I am the attorney for Defendant. I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

11/25/2019
Date

_____
Steven Blackerby, Defendant's Attorney

Signed by Sean K. Scally
w/ express permission.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 2:19-cr-035 |
| ) | |
| DAVEN JONES ) | |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 2nd day of December, 2019.

_____
HONORABLE LISA G. WOOD
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF GEORGIA