UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Civil Action No. 2:19-cr-00035 |
| | * | |
| DAVEN JONES, | * | |
| | * | |
| Defendant. | * | |

**Consolidated Motion to Set Aside Default and Response
to Government's Motion for Bond Forfeiture**

Defendant Daven Jones was originally granted pretrial release on a $25,000 surety bond. When Jones later entered a guilty plea, he was allowed to remain on release pending sentencing. However, on January 16, 2020, this Court revoked his release and ordered him confined pending sentencing. The Government has now filed a motion (Doc. 78) for forfeiture of the bond and entry of a default judgment against both Jones and his surety, Oretha Jones (his mother).

Admittedly, Federal Rule of Criminal Procedure 46 states that a "court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). But the severity of that rule is significantly tempered by the following subsection, which allows a court to "set aside in whole or in part a bail forfeiture upon any condition the court may impose if . . . it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2)(B). Under that provision, a court has "virtually unbridled discretion in granting motions to remit bond forfeiture." *United States v. Diaz*, 811 F.2d 1412, 1415 (11th Cir. 1987). Jones hereby respectfully requests that this Court exercise that discretion and set aside any

default resulting from his violation of the conditions of his release.

As set forth in the Magistrate's order (Doc. 77), Jones's release was revoked for six violations:

- On December 1, 2019, he left his home too early in order to go to his job at Panera Bread.

- On December 12, he was 23 minutes late returning from work.

- On December 13, he again arrived home late from work.

- On that same date, he missed a mental-health counseling session.

- On December 16, a probation officer observed a modem in his home.

- On December 17, he missed an appointment with a psychiatrist.

Notably, Jones did not deny that any of these violations occurred. Rather, at his revocation hearing, he merely explained to the judge why each violation occurred. With respect to the first violation — leaving too early to go to work — he explained that there was confusion regarding his work schedule and that he left early because he believed that he was supposed to be part of the first opening crew at Panera. Turning to the second and third violations — coming home slightly late from work — he testified that he had left his keys at work on those two occasions and had to return to retrieve them. So far as the missed counseling and psychiatry sessions are concerned, he testified (and there appears to be no dispute) that his car had been repossessed and he did not have transportation. Finally, he readily admitted that he had a modem in his apartment, but he testified that he had canceled his internet connection months earlier and did not believe that the modem was

actually creating an internet connection. Further, he did not have a computer in the apartment. The only device in his possession that even potentially had internet-access capabilities was a handheld Nintendo game system.

In deciding whether any default resulting from the above violations should be set aside, this Court should consider Jones's willfulness in breaching the release conditions; the amount of delay caused by his default; the surety's participation; the cost, inconvenience, and prejudice suffered as a result of the breach; any mitigating factors offered by the defendant; and whether the surety is a professional as opposed to a family member or friend. *United States v. Johnson*, No. 5:17-CR-12, 2018 WL 2187994, at *2 (S.D. Ga. Apr. 11, 2018), report and recommendation adopted, No. 5:17-CR-12, 2018 WL 2185539 (S.D. Ga. May 11, 2018). The totality of these factors weighs in favor of setting aside a bond forfeiture. To begin, at least some of the violations were heavily affected by mistakes or events that Jones certainly did not intend to happen. For example, leaving his home too early in order to be at work when Panera opened was caused by a mistake about his work schedule. Similarly, he arrived home slightly late on two occasions because he had left his keys at work; he surely did not intend to lose his keys. In a similar vein, his missed counseling/psychiatry appointments were precipitated by his car being repossessed, another event which he did not willfully cause to happen.

Turning to the amount of delay caused by the violations, this factor weighs in favor of Jones because his violations did not cause any delay. After all, this is not a case in which a defendant absconded, thereby delaying a trial or other proceedings. Jones's sentencing

has been scheduled, and his violations have not slowed the progress of his case.

For these reasons, if the appearance bond is forfeited, the entire amount should be set aside pursuant to Fed. R. Crim. P. 46(f)(2), and the Bond should be otherwise exonerated.

As a final note, Oretha Jones neither participated in nor was otherwise responsible for the violations. Therefore, even if this Court disagrees with wholly setting aside the default, this Court should – at the very least — set aside the default with respect to Ms. Jones.

Respectfully submitted, this 4th day of February, 2020.

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP

s/Steven G. Blackerby
Steven G. Blackerby
Georgia Bar No. 141250
sblackerby@brbcsw.com
Attorney for Defendant Daven Jones

P. O. Box 220
Brunswick, GA 31521
(912) 264-8544